IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 08-411 |
| KARL ANGER, | ) |
| Defendant. | ) |

**OPINION**

Pending before the court is a motion filed by Karl Anger ("Anger") for immediate release from the sentence of imprisonment for a supervised release violation he is currently serving (ECF No. 2928). Anger seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), asserting that his hypertension makes him susceptible to the COVID-19 virus. The Federal Public Defender notified the court by email that a counseled supplement will not be filed on behalf of Anger. The government filed a response opposing the motion on both procedural and substantive grounds (ECF No. 2935).

Factual and Procedural History

On January 19, 2011, Anger pleaded guilty to a RICO conspiracy, as charged in count 2 of the superseding indictment at Crim. No. 08-411. On August 17, 2011, Anger was sentenced to a term of imprisonment of 58 months, to be followed by 3 years of supervised release.

The case was reassigned to this member of the court in 2017, when the probation office filed a petition to revoke Anger's supervised release (ECF No. 2650). The probation office reported that on July 2, 2018, Anger pleaded guilty to Kidnapping for Ransom (Felony I) and Conspiracy-Robbery-Threat Immediate Serious Bodily Injury (Felony I). He was sentenced to

1

3.5 years to 7 years prison in the state court. On February 14, 2019, the court accepted a proposed agreement of the parties, revoked Anger's supervised release, and sentenced him to a term of imprisonment of 24 months, to be served consecutive to his state sentence, with no supervised release to follow (ECF No. 2775).

Anger contends that he is particularly susceptible to COVID-19 based on the risk factor of hypertension. He did not submit any medical records. The presentence investigation report ("PIR") (ECF No. 1532), reflects that Anger is now 32 years old and, at the time the PIR was prepared in April 2011, he was in good physical condition and took no medications. Anger was a member of a street gang, had a lengthy criminal history including incidents of violence, and was in criminal history category VI. The prison sentence Anger is now serving was imposed because he committed additional serious crimes while on supervised release.

Exhaustion of Administrative Remedies

Anger is now a federal prisoner, serving the consecutive sentence imposed by this court on February 14, 2019. At the time he filed the motion, Anger was serving his sentence in the Erie County Prison. As the government reported in its response, Anger was recently transferred to the custody of the BOP and is now serving his sentence at USP-Hazelton, a high security penitentiary with an adjacent low security satellite camp. Anger's projected release date is November 14, 2022. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last visited May 14, 2021.

In United States v. Raia, 954 F.3d 594 (3d Cir. 2020), the court of appeals held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the Bureau of

Prisons ("BOP") to respond to a request for release. Because Anger is now in the BOP's physical custody, the BOP's administrative remedies are available to him.

Anger's pending motion for compassionate release will be considered by the court on the merits, because at the time he filed it, he could not pursue relief through the BOP's typical procedures. *See* United States v. Hammond, Crim. No. 18-184, 2020 WL 2126783, at *1 (W.D. Pa. May 5, 2020) (considering compassionate release motion filed by defendant serving his sentence in county jail). The court does not believe that Anger's subsequent transfer into BOP custody moots the pending motion. Before Anger seeks additional relief from the court in the future, however, he must first exhaust his BOP administrative remedies.

Extraordinary and Compelling Reason

Anger bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. United States v. Smith, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing United States v. Adeyemi, No. CR 06-124, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020)). To satisfy this burden, a movant must produce *evidence* to the court. See e.g., United States v. Matthews, Crim. Action No. 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020); United States v. Brunetti, Crim. Action No. 2020 WL 4516541, at *6 (E.D. Pa. July 31, 2020); United States v. Richardson, Crim. No. 18-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020).

Anger argues in his motion that: (1) he is susceptible to a severe reaction to COVID-19 because he is diagnosed with hypertension; and (2) he faces a serious risk of exposure because there are numerous cases of COVID-19 at the Erie County Prison. Anger did not meet his burden to produce *evidence* in support of either contention.

There is no evidence that Anger faces a risk of serious symptoms from the COVID-19 virus.  A diagnosis of hypertension does not necessarily pose an extraordinary risk of severe consequences from COVID-19.  United States v. McGill, No. CR 07-00255 (SDW), 2021 WL 1171663, at *2 (D.N.J. Mar. 29, 2021) ("According to the Centers for Disease Control and Prevention ("CDC"), it is not clear that hypertension places Defendant at a higher risk for severe COVID-19. See CDC (Mar. 23, 2021 at 11:00 A.M.), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.").  As noted above, Anger provided no medical records.  The only medical information in the record was from the PIR prepared in April 2011, which reflected that Anger was in good physical condition and took no medications (ECF No. 1532).  In sum, Anger failed to meet his burden to show that he is uniquely susceptible to severe consequences from the COVID-19 virus.

There is also no evidence in the record that Anger faces an extraordinary risk of exposure to the COVID-19 virus at his place of incarceration.  The court recognizes the potential for Anger's exposure to the COVID-19 virus at the Erie County Prison or USP-Hazelton.  Unfortunately, that potential exists anywhere in the community. In *Raia*, the court of appeals cautioned that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." 954 F.3d at 597.

Anger argued in his motion that there were numerous cases of COVID-19 at the Erie County Prison, but did not provide any evidence about the status of the pandemic at the Erie County Prison.  The court was unable to locate any information about COVID-19 cases at the Erie County Prison in its independent research.  Anger does not face a realistic risk of future exposure to the COVID-19 virus at Erie County Prison because he is now located at USP-Hazelton.

Anger, understandably, did not provide any information about his risk of exposure to the COVID-19 virus at USP-Hazelton because he was transferred to that facility after he filed his motion.  The court takes judicial notice that as of May 14, 2021, there were 1 inmate and 2 staff members with active cases of COVID-19.  https://www.bop.gov/coronavirus/, last visited May 14, 2021.  There are 1,382 inmates at the facility. https://www.bop.gov/locations/institutions/haz/, last visited May 14, 2021.  In sum, Anger did not demonstrate a serious risk of exposure to the COVID-19 virus.

Conclusion

For the reasons set forth above, the court will consider Anger's motion on the merits, but concludes that Anger dd not meet his burden to submit evidence to demonstrate an extraordinary and compelling reason for compassionate release.  His motion for compassionate release (ECF No. 2928) will therefore be DENIED without prejudice.

The court notes the government's alternative argument that compassionate release is not warranted after consideration of the § 3553(a) factors (and, in particular, that Anger poses a serious danger to the community), but does not reach that issue.  Because Anger is now in BOP custody and has access to the BOP's administrative remedies, he must exhaust those remedies before he seeks further relief from the court.

An appropriate order will be entered.

Dated:  May 25, 2021.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge